UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ALIFONSO ROMERO REGALADO, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 19-12576-JGD |
| SHERIFF JOSEPH MCDONALD JR., | ) ) | |
| Respondent. | ) ) ) | |

## ORDER

December 30, 2019

DEIN, U.S.M.J.

Immigration detainee Alifonso Romero Regalado, through counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Regalado states that he is a member of the post-hearing class in Pereira Brito v. Barr, C.A. No. 19-cv-11314-PBS (D. Mass.), and that he is entitled to an immigration bond hearing in which the government is required to bear the burden of proof.

Upon review of Cook's filing, the Court hereby orders:

1.  The Clerk of this Court shall serve a copy of the Petition upon Plymouth County Sheriff Joseph McDonald Jr. and the United States Attorney for the District of Massachusetts.

2.  Respondent shall, no later than Tuesday, January 21, 2020, show cause why the Petition should not be granted.

3.  Pursuant to the Standing Order of the United States Federal Court for the District of Massachusetts on 2241 Petitions, to give the Court time to consider this matter, unless

otherwise ordered by the Court, Petitioner shall not be moved outside the District of Massachusetts without providing the Court 48 hours' advance notice of the move and the reason therefor.  Any such 48-hour notice period shall commence at the date and time such notice is filed and expire 48 hours later, except "[i]f the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C).

4. The Clerk shall provide Petitioner's counsel, Respondent, and the United States Attorney for the District of Massachusetts with the form for Consent/Refusal of Magistrate Judge Jurisdiction and the instructions for that form ("consent package").  Counsel for Petitioner is responsible for contacting Respondent's counsel to inquire as to their consent or refusal to proceed before the Magistrate Judge and for informing the Court whether both parties consent to final assignment of the action to the Magistrate Judge.  While consent to the final assignment of the case to the magistrate judge is entirely voluntary, and no adverse substantive consequences of any kind will redound to an attorney or party refusing consent, submission of the executed form, memorializing consent or refusal to consent to the final assignment to the Magistrate Judge is mandatory.

SO ORDERED.

    /s/ Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge